**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

OLD WOOD, LLC

Plaintiff,

vs. No. CIV 24-1142 JB/JFR

FEDERAL EMERGENCY MANAGEMENT AGENCY, DEANNE CRISWELL, and JAY MITCHELL

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States Court of Appeals for the Tenth Circuit Order, CIV No. 26-2106, filed August 24, 2026 (Doc. 20)("Tenth Circuit Order"). In the Tenth Circuit Order, the Tenth Circuit continues the abatement of this case and enters a limited remand to the Court, ordering the Court to

> clarify if it intends to enter any further opinion, order, decision, or judgment related to the merits of this case, or if its previous memorandum opinion and judgment (DC ECF Nos. 94 and 98) coupled with its ruling on FEMA's post-judgment motion (DC ECF No. 113) constitutes its final decision in this matter, such that the district court has resolved the entire dispute and disassociated itself from this case.

Tenth Circuit Order at 2. The Court makes explicit here that the Court has resolved the entire dispute, and that this case is closed at the district level.

The Defendant Federal Emergency Management Agency ("FEMA"), in the Defendants/Respondents' Motion to Enter a Final Judgment, filed June 11, 2025 (Doc. 95)("Motion to Enter a Final Judgment"), asks the Court to enter a final judgment specifying "the scope of the Court's relief -- particularly as it concerns the arbitration rules for non-parties." Motion to Enter a Final Judgment at 1. On June 18, 2026, the Court does what FEMA asks; it enters a Final Judgment

(Doc. 98) stating that the Court "sets aside and vacates" under 5 U.S.C. § 706(2) of the Administrative Procedure Act the challenged arbitration rules which are properly before the Court. Final Judgment at 1 (emphasis added). Although FEMA dislikes that the Court vacates its arbitration rules, the law permits vacatur under the APA, and the Court determines that vacatur is the appropriate relief in this case.[1] The email upon which FEMA relies to argue that this case is not closed, see Email from Crystal Padilla to Mark Dow (dated July 10, 2026), CIV No. 26-2106, filed July 20, 2026 (Doc. 13)("July 10, 2026 Email"), makes clear that the Court "considers the motion for final judgment termed and this matter closed." July 10, 2026 Email at 1 (emphasis added). The Court's indication that it plans on "writing on this issue and putting it in another opinion" is in reference to another case, see Trambley et al. v. FEMA, CIV No. 26-1824, and does not contradict the finality that the Court has given in regards to this case. After this Memorandum Opinion and Order, the Court will write no further.

[1] FEMA relies on only a Supreme Court of the United States concurrence to argue that vacatur should not be available under the APA. See Motion to Enter Final Judgment at 8 (citing United States v. Texas, 599 U.S. 670, 695-99 (2023)(Gorsuch, J., concurring) and stating that the concurrence opines "that the APA does not authorize courts to deviate from traditional, party-centered remedies"). This concurrence is not the law, however, and Tenth Circuit law, which the Court is bound to follow, makes clear that vacatur is an available remedy under the APA. "The APA requires that we 'set aside' unlawful agency actions. 5 U.S.C. § 706(2). Vacatur is typical, but not the exclusive remedy." Am. Wild Horse Campaign v. Raby, 144 F.4th 1178, 1193 (10th Cir. 2025). Applying the test from Allied-Signal, Inc. v. U.S. Nuclear Regul. Comm'n, 988 F.2d 146 (D.C. Cir. 1993)("Allied-Signal"), the Court has determined that the seriousness of the deficiencies in the agency's actions is very high, given that FEMA has created a process which does not represent arbitration as Congress intends FEMA to implement. Further, there is no major disruptive consequences of an interim change, given that, to the Court's knowledge, FEMA has not yet completed an arbitration under the old rules which the Court vacates in the Final Judgment. See Am. Wild Horse Campaign v. Raby, 144 F.4th at 1193 (explaining that the Allied-Signal test requires courts to consider the practical consequences of vacatur: "'(1) the seriousness of the agency's action's deficiencies (and thus the extent of doubt whether the agency chose correctly), and (2) the disruptive consequences of an interim change that may itself be changed.'")(quoting Allied-Signal, 988 F.2d at 150-51). FEMA's attempt to limit the Court's ruling just to the parties here would require every claimant who wants true arbitration to sue FEMA in court, thus destroying the utility of arbitration that Congress has mandated.

**IT IS ORDERED** that: (i) the case is closed; and (ii) the Court will write no further in this case.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Hope A. Bauman
Mark Dow
Maureen S. Moore
Bauman & Dow Law Offices, P.C.
Albuquerque, New Mexico

--and--

Thomas L. Tosdal, I
Tosdal Law Firm
Solana Beach, California

*Attorneys for the Plaintiff*

Todd Blanche
United States Attorney General
Ryan Ellison
First Assistant United States Attorney
Nicholas Sydow
Carrie Yang
Assistant United States Attorneys
United States Attorney's Office, United States Department of Justice
Albuquerque, New Mexico

*Attorneys for the Defendants*